# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| Blackjewel, L.L.C., *et al*. | ) | Case No. 19-30289 |
| | ) | |
| Debtors[1], | ) | (Jointly Administered) |
| | ) | |
| BLACKJEWEL, L.L.C., BLACKJEWEL HOLDINGS L.L.C., REVELATION ENERGY HOLDINGS, LLC , REVELATION MANAGEMENT CORPORATION, REVELATION ENERGY, LLC, DOMINION COAL CORPORATION, HAROLD KEENE COAL CO. LLC , VANSANT COAL CORPORATION, LONE MOUNTAIN PROCESSING, LLC, POWELL MOUNTAIN ENERGY, LLC, and CUMBERLAND RIVER COAL LLC, | ) | Adv. Proceeding No. _____ |
| Plaintiffs, | ) | |
| v. | ) | |
| Clearwater Investment Holdings, LLC, | ) | |
| Defendant. | ) | |

## COMPLAINT

The debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), as plaintiffs in the above-captioned adversary proceeding

---

[1] The Debtors in these Chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Blackjewel, L.L.C. (0823); Blackjewel Holdings L.L.C. (4745); Revelation Energy Holdings, LLC (8795); Revelation Management Corporation (8908); Revelation Energy, LLC (4605); Dominion Coal Corporation (2957); Harold Keene Coal Co. LLC (6749); Vansant Coal Corporation (2785); Lone Mountain Processing, LLC (0457); Powell Mountain Energy, LLC (1024); and Cumberland River Coal LLC (2213). The headquarters for each of the Debtors is located at P.O. Box 1010, Scott Depot, West Virginia 25560.

("Plaintiffs"), for their adversary complaint ("Complaint") against Clearwater Investment Holdings, LLC ("Clearwater"), state and allege as follows.

## Nature of the Case

1. This is an action to avoid certain payments by Debtors as constructively fraudulent transfers pursuant to sections 544, 547, 548, and 550 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*. (the "Bankruptcy Code") and applicable state law, and to recharacterize certain payments ostensibly made for repayment of debt as improper equity distributions while the Debtors were insolvent.

## Jurisdiction and Venue

2. This adversary proceeding arises out of and is related to the above-captioned bankruptcy cases pending before the Court. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).

## Parties

3. Blackjewel, L.L.C. ("Blackjewel") and the other Plaintiffs are debtors and debtors-in-possession in the above-captioned chapter 11 cases. On July 1, 2019 (the "Petition Date"), the Debtors filed voluntary chapter 11 petitions in this Court.

4. Non-party Jeffrey A. Hoops, Sr. ("Hoops") is the former President and Chief Executive Officer of Blackjewel. Hoops was an officer and director of certain other of the Debtors at various times.

5. Clearwater is, on information and belief, a limited liability company whose members are Patricia A. Hoops and the Clearwater Trust ("CW Trust"). Patricia A. Hoops is Hoops' wife. The CW Trust purports to be a trust created by Hoops for the benefit of himself and

members of his family. Hoops is a grantor and beneficiary of the CW Trust. Hoops' family members are the other trustees of the CW Trust.

## Allegations Common to All Claims

6. The Debtors maintained bank accounts with United Bank.

7. Hoops and Clearwater also maintained various accounts at United Bank.

8. In the months preceding the Debtors bankruptcy filings, the Debtors paid tens of millions of dollars to Clearwater. On information and belief, based on an analysis of the records available to the Debtors, from January 1, 2019 until the Debtors' bankruptcy filings in July of 2019, Clearwater received in excess of $34 million in payments from the Debtors.

9. Hoops directed the payments between the Debtors and Clearwater.

10. Hoops and Clearwater contend that the payments by the Debtors to Clearwater were repayments made pursuant to a "revolving line[] of credit" provided by Clearwater to the Debtors. No loan agreements or other instruments exist establishing any such line of credit by Clearwater to Debtors.

11. Although amounts advanced by Clearwater to the Debtors were sometimes referred to as a loan, including in proceedings in the Debtors' bankruptcy cases shortly after the Petition Date while Hoops remained CEO, the label applied to the advances and to the transfers by Debtors to Clearwater is not determinative of their proper treatment. Based on the Debtors' analysis, and based on the substance of the transactions, the advances by Clearwater were and should be considered equity contributions and the payments by Debtors to Clearwater were and should be considered distributions on account of equity.

12. Clearwater did not charge interest to the Debtors for the amounts advanced under the claimed line of credit. Debtors did not pay any interest to Clearwater for such advanced amounts.

13. There was no security for repayment of the amounts advanced by Clearwater under the claimed lines of credit.

14. There was no fixed maturity date or schedule of repayments of the amounts advanced by Clearwater to Debtors.

15. The Debtors were inadequately capitalized at both the time of advances by Clearwater and the time of the payments by the Debtors to Clearwater. The Debtors had no practical ability to obtain financing from outside lenders at both the time of advances by Clearwater and the time of the transfers by the Debtors to Clearwater.

16. According to Hoops and Clearwater, advances under the claimed revolving line of credit occurred because "no lenders were willing to provide any financing to Debtors." No independent third-party lender would make a loan to Debtors on terms consistent with the terms alleged to govern the advances by Clearwater.

17. The Debtors had no clear source of repayment of amounts advanced by Clearwater. There was no specific fund or source of funds for such repayment.

18. The Debtors were insolvent at the time of the transfers to Clearwater. At the time of the transfers to Clearwater, the Debtors' assets were unreasonably small for the business in which they were engaged or would engage. At the time of the transfers to Clearwater, Hoops, Clearwater, and the Debtors reasonably should have believed that the Debtors would incur debts beyond Debtors' ability to pay as they became due.

19. Hoops' direction of the Debtors' payments to Clearwater under the foregoing circumstances was inequitable and improper. The payment of tens of millions of dollars to Clearwater for distributions on account of equity are improper and harmed the Debtors and their ability to satisfy obligations to creditors. The Debtors are entitled to recover from Clearwater the

approximately $34 million of pre-petition payments by Debtors to Clearwater.

## COUNT ONE
### (Recharacterization of Alleged Debt and Payments to Clearwater)

20. The Debtors incorporate each and every allegation contained in paragraphs 1 through 19 of this Complaint as if fully rewritten herein.

21. The advances by Clearwater to Debtors should properly be considered as, and in substance were, equity contributions rather than loans or advances of credit. The payments by Debtors to Clearwater should properly be considered as, and in substance were, improper distributions on account of equity rather than repayment of debt.

22. The Court has the power to recharacterize the advances by Clearwater to the Debtors under a claimed but undocumented revolving line of credit and to order that the advances be treated as equity contributions, including but not limited to, pursuant to 11 U.S.C. § 105 and 11 U.S.C. § 726. Likewise, the Court has the power to recharacterize the payments by Debtors to Clearwater and to order that they be treated as distributions on account of equity rather than repayment of debt. Recharacterization is appropriate under the facts and circumstances applicable to the advances by Clearwater and the repayments by Debtors.

23. Under all the facts and circumstances, the Court should declare and otherwise order that amounts advanced by Clearwater to Debtors in substance were, and should be considered as, equity contributions. Under all the facts and circumstances, the Court should declare and otherwise order that amounts paid by Debtors to Clearwater in substance were, and should be considered as, distributions on account of equity and not repayment of debt.

24. The payments by Debtors to Clearwater for equity distributions were improper and are recoverable by the Debtors. The distributions were made at a time the Debtors were insolvent and were not able to pay their debts as they became due in the usual course of business. The Court

can and should order Clearwater to repay the amounts transferred by Debtors for repayment of the claimed but undocumented revolving line of credit.

## COUNT TWO
### (To Avoid Constructively Fraudulent Transfers Under 11 U.S.C. § 548)

25. The Debtors incorporate each and every allegation contained in paragraphs 1 through 24 of this Complaint as if fully rewritten herein.

26. Each payment or transfer by the Debtors to Clearwater on account of the claimed revolving line of credit (each a "Transfer") was a transfer of an interest of the Debtors in property.

27. The Debtors did not receive reasonably equivalent value for any of the Transfers. The Transfers were in substance, and should be considered, distributions to Clearwater on account of equity and the Debtors did not receive value in exchange for such payments.

28. At the time of each Transfer, the Debtors were: (a) insolvent, or rendered insolvent as the result of the Transfer; (b) engaged in business or a transaction, or were about to engage in business or a transaction, for which the Debtors' remaining property was an unreasonably small capital; and/or (c) the Debtors intended to incur, or believed or reasonably should have believed that they would incur, debts that would be beyond their ability to pay as such debts matured.

29. Each Transfer can and should be avoided as a constructively fraudulent transfer. The Debtors are entitled to, and the Court should enter, judgment against Clearwater avoiding each Transfer received by Clearwater pursuant to section 548 of the Bankruptcy Code.

30. Each Transfer can and should be avoided as to Clearwater and as to any subsequent transferee.

## COUNT THREE
### (To Avoid Constructively Fraudulent Transfers Under 11 U.S.C. § 544 and the West Virginia Uniform Fraudulent Transfers Act)

31. The Debtors incorporate each and every allegation contained in paragraphs 1 through 30 of this Complaint as if fully rewritten herein.

32. Each Transfer also can and should be avoided pursuant to section 544 of the Bankruptcy Code and applicable state law. Pursuant to section 544(b) of the Bankruptcy Code, the Debtors (as debtors-in-possession) have the rights of existing unsecured creditors. Section 544(b) permits the Debtors to assert claims and causes of action that such a creditor could assert under applicable state law.

33. Each of the Transfers can and should be avoided pursuant to West Virginia law. Debtors did not receive reasonably equivalent value for any of the Transfers. The Transfers were in substance, and should be considered, distributions on account of equity contributions by Clearwater and the Debtors did not receive value in exchange for such distributions.

34. At the time of each Transfer, the Debtors were insolvent, or rendered insolvent as the result of the Transfer within the meaning of West Virginia Code § 40-1A-5(a).

35. At the time of each Transfer, the Debtors were engaged or were about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction within the meaning of West Virginia Code § 40-1A-4(a)(2)(i). At the time of each Transfer, the Debtors intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due within the meaning of West Virginia Code § 40-1A-4(a)(2)(ii).

36. The Debtors are entitled to, and the Court should enter, judgment against Clearwater avoiding each Transfer received by Clearwater pursuant to section 544 of the Bankruptcy Code and applicable West Virginia law.

37. Each Transfer can and should be avoided as to Clearwater and as to any subsequent transferee.

## COUNT FOUR
### (To Avoid Constructively Fraudulent Transfers Under 11 U.S.C. § 544 and West Virginia Code § 40-1A-5(b)

38. The Debtors incorporate each and every allegation contained in paragraphs 1 through 37 of this Complaint as if fully rewritten herein.

39. In the alternative to Counts One through Three above, the Debtors assert that each Transfer can and should be avoided pursuant to section 544 of the Bankruptcy Code and West Virginia Code § 40-1A-5(b).  In the alternative to their allegations that the Transfers can and should be considered distributions on account of equity contributions, the Debtors allege that each of the Transfers is avoidable as a transfer made to an insider for an antecedent debt, while the Debtors were insolvent, and the insider had reasonable cause to believe that the Debtors were insolvent.

40. Clearwater is an insider for purposes of Debtors' claim under West Virginia Code § 40-1A-5(b), including but not limited to, based on its association with Hoops and his family. Clearwater knew the Debtors were insolvent at the time of the Transfers, including through the knowledge of Hoops.  Clearwater had reasonable cause to believe that the Debtor were insolvent at the time of the Transfers.

41. In the alternative to Counts One through Three above, the Debtors are entitled to, and the Court should enter, judgment against Clearwater avoiding each Transfer received by Clearwater pursuant to section 544 of the Bankruptcy Code and West Virginia Code § 40-1A-5(b).

42. Each Transfer can and should be avoided as to Clearwater and as to any subsequent transferee.

## COUNT FIVE
### (To Recover Avoided Transfers Under 11 U.S.C. § 550)

43. The Debtors incorporate each and every allegation contained in paragraphs 1 through 42 of this Complaint as if fully rewritten herein.

44. Clearwater was the initial transferee for the Transfers.

45. To the extent that the Transfers are avoided pursuant to sections 544 and 548 of the Bankruptcy Code, as requested herein, the Debtors are entitled to recover, for the benefit of their estates and creditors, the value of the avoided Transfers from Clearwater, pursuant to section 550 of the Bankruptcy Code.

46. Accordingly, the Debtors are entitled to judgment against Clearwater in an amount not less than the amount of the avoided Transfers, plus pre- and post-judgment interest, attorneys' fees and costs pursuant to section 550 of the Bankruptcy Code.

## COUNT SIX
### (For Declaratory Relief Regarding Preservation of Avoided Transfers and Disallowance of Claims by Clearwater)

47. The Debtors incorporate each and every allegation contained in paragraphs 1 through 46 of this Complaint as if fully rewritten herein.

48. Pursuant to section 551 of the Bankruptcy Code, any transfer avoided under sections 544 or 548, among other things, is automatically preserved for the benefit of the debtor's estate with respect to property of the estate. Pursuant to section 541(a)(4) of the Bankruptcy Code, any property preserved for the benefit of the debtor's estate under section 551 of the Bankruptcy Code constitutes property of the debtor's estate.

49. Pursuant to section 502(d) of the Bankruptcy Code, any claim by an entity that is a transferee of transfer avoidable under sections 544 or 548 is disallowed unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable.

50. The Court can and should order and enter a declaratory judgment that the Transfers are automatically preserved for the benefit of the Debtors' estates and constitute property of the Debtors' estates, pursuant to sections 541(a)(4) and 551 of the Bankruptcy Code. The Court can and should order and enter a declaratory judgment that all claims by Clearwater against the Debtors are disallowed unless and until Clearwater has paid the amount of the Transfers to the Debtors.

## **RELIEF REQUESTED**

WHEREFORE, the Debtors respectfully request that this Court enter judgment in their favor as follows:

(a) Avoiding each of the Transfers under sections 544 and 548 of the Bankruptcy Code and applicable West Virginia law, as requested herein;

(b) Ordering Clearwater to pay or otherwise turn over to Debtors the Transfers, or in the alternative, grant a money judgment against Clearwater in an amount not less than the total value of the Transfers, together with pre- and post-judgment interest at the maximum legal rate under 28 U.S.C. § 1961 from the earliest date allowed by law until the date of judgment or until paid or turned over in full, as applicable;

(c) Declaring that the Transfers are preserved for the benefit of the Debtors' estates and that all claims against the Debtors by Clearwater are disallowed unless and until Clearwater has turned over the Transfers to Debtors or paid Debtors the value of the Transfers;

(d) Awarding the Debtors' attorneys' fees and costs; and

(e) Granting any other and further relief that this Court deems just and equitable.

Dated: June 11, 2020 Respectfully submitted,

        **SUPPLE LAW OFFICE, PLLC**

        Joe M. Supple No. 8013
        801 Viand St.
        Point Pleasant, WV 25550
        304-675-6249
        joe.supple@supplelaw.net

        – and –

        **SQUIRE PATTON BOGGS (US) LLP**

        */s/ Stephen D. Lerner*
        Stephen D. Lerner (admitted *pro hac vice*)
        Scott A. Kane (admitted *pro hac vice*)
        Nava Hazan (admitted *pro hac vice*)
        F. Maximilian Czernin (admitted *pro hac vice*)
        Travis A. McRoberts (admitted *pro hac vice*)
        201 E. Fourth Street, Suite 1900
        Cincinnati, Ohio 45202
        Telephone: 513.361.1200
        Facsimile: 513.361.1201
        stephen.lerner@squirepb.com
        scott.kane@squirepb.com
        nava.hazan@squirepb.com
        max.czernin@squirepb.com
        travis.mcroberts@squirepb.com

        *Co-Counsel for the Debtors and*
        *Debtors-in-Possession*