# UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

In re:

BLACKJEWEL, L.L.C., et al.

    Debtors[1],

Chapter 11
Case No. 19-30289
(Jointly Administered)

---

BLACKJEWEL, L.L.C., BLACKJEWEL HOLDINGS L.L.C., REVELATION ENERGY HOLDINGS, LLC, REVELATION MANAGEMENT CORPORATION, REVELATION ENERGY, LLC, DOMINION COAL CORPORATION, HAROLD KEENE COAL CO. LLC, VANSANT COAL CORPORATION, LONE MOUNTAIN PROCESSING, LLC, POWELL MOUNTAIN ENERGY, LLC, and CUMBERLAND RIVER COAL LLC,

    Plaintiffs,

v.

CLEARWATER INVESTMENT HOLDINGS, LLC

    Defendant.

Adv. Proceeding No. 3:20-ap-03008

## ANSWER TO COMPLAINT

NOW COMES the Defendant, Clearwater Investment Holdings, LLC (the "***Defendant***" or "***Clearwater***"), by and through the undersigned counsel, and for its Answer to the Complaint filed

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's Taxpayer identification number are as follows: Blackjewel, L.L.C. (0823); Blackjewel Holdings L.L.C. (4745); Revelation Energy Holdings, LLC (8795); Revelation Management Corporation (8908); Revelation Energy, LLC (4605); Dominion Coal Corporation (2957); Harold Keene Coal Co. LLC (6749); Vansant Coal Corporation (2785); Lone Mountain Processing, LLC (0457); Powell Mountain Energy, LLC (1024); and Cumberland River Coal LLC (2213). The headquarters for each of the Debtors is located at P.O. Box 1010, Scott Depot, West Virginia 25560.

16522878.3

by Plaintiffs (the "*Plaintiffs*" or the "*Debtors*") states and avers as follows:

### FIRST DEFENSE

The Complaint filed herein fails to state a cause of action upon which relief can or may be granted, in whole or in par

### Nature of the Case

1.  Answering the Paragraph 1 of the Complaint, Clearwater states that the allegations contained therein constitute legal conclusions to which no response is required. To the extent a response is required, Clearwater denies that the Debtors are entitled to any relief against Clearwater under the laws referenced therein and denies all alleged wrongdoing and alleged liability against Clearwater.

### Jurisdiction and Venue

2.  Answering Paragraph 2 of the Complaint, the allegations contained therein constitute legal conclusions to which no response is required. To the extent this Paragraph alleges wrongdoing or liability on the part of Clearwater, Clearwater denies such allegations and demands strict proof thereof.

### Parties

3.  Answering Paragraph 3 of the Complaint, Clearwater admits that several of the Debtors filed voluntary Chapter 11 petitions on July 1, 2019 and states that other of the Debtors filed voluntary Chapter 11 petitions on July 24, 2019. Clearwater admits that Blackjewel and the other Plaintiffs are debtors and debtors-in-possession in the above-captioned Chapter 11 cases. Except as admitted and stated herein, Clearwater states that it is without information or belief sufficient to admit or deny the allegations in said paragraph and therefore denies same. Clearwater does not deny matters of public record.

4.  Answering Paragraph 4 of the Complaint, Clearwater admits the allegations contained therein.

5.  Answering Paragraph 5 of the Complaint, Clearwater admits that it is a limited liability company, that its members are Patricia A. Hoops and the Clearwater Trust, that Patricia A. Hoops is the wife of Jeffery A. Hoops ("**Mr. Hoops**"), and that Mr. Hoops was the grantor of the Clearwater Trust. Clearwater denies that Mr. Hoops is a beneficiary or a trustee of the Clearwater Trust. Clearwater admits that Mr. Hoops' family members are trustees of the Clearwater Trust. As to the remaining allegations contained therein, Clearwater is without sufficient information to form a belief as to the truth of such allegations and therefore denies same and demands strict proof thereof.

### Allegations Common to All Claims

6.  Answering Paragraph 6 of the Complaint, Clearwater is without sufficient information to form a belief as to the truth of such allegations and therefore denies the same and demands strict proof thereof...

7.  Answering Paragraph 7 of the Complaint, Clearwater admits that it maintained accounts at United Bank. Except as specifically admitted herein, Clearwater is without information sufficient to admit or deny the allegations and therefore denies same and demands strict proof thereof.

8.  Answering Paragraph 8 of the Complaint, Clearwater states that it made numerous revolving loans to Blackjewel, L.L.C. ("***Blackjewel***") and states that it received repayments for some of those loans from Blackjewel. Clearwater denies the remaining allegations of this paragraph and demands strict proof thereof.

9. Answering Paragraph 9 of the Complaint, Clearwater denies the statements and allegations contained therein and demands strict proof thereof.

10. Answering Paragraph 10 of the Complaint, Clearwater admits that the repayments made by Blackjewel to Clearwater were made pursuant to a revolving line of credit provided by Clearwater to Blackjewel. Clearwater denies that no agreements or instruments exist establishing such revolving line of credit.

11. Answering Paragraph 11 of the Complaint, Clearwater admits that Debtors repeatedly represented to the Court in the bankruptcy proceedings that payments made by Clearwater to Blackjewel and repayments made by Blackjewel to Clearwater were a loan. As to the remainder of the statements and allegations contained herein, Clearwater states that the same constitute legal conclusions to which no response is required. To the extent that this Paragraph alleges wrongdoing or liability on the part of Clearwater, Clearwater denies such allegations and demands strict proof thereof.

12. Answering Paragraph 12 of the Complaint, Clearwater denies that no interest was charged to Debtors for amounts loaned under the line of credit. Clearwater states that it submitted invoices to Blackjewel for interest, but those invoices were never paid. Except as specifically stated herein, Clearwater is without information sufficient to admit or deny the allegations contained herein and therefore denies the same and demands strict proof thereof.

13. Answering Paragraph 13 of the Complaint, Clearwater admits the allegations contained therein.

14. Answering Paragraph 14 of the Complaint, Clearwater admits there was no fixed maturity date for the loans made by Clearwater to Blackjewel. Clearwater denies the remaining allegations contained therein and demands strict proof thereof.

15. Answering Paragraph 15 of the Complaint, Clearwater denies the statements and allegations contained therein and demands strict proof thereof.

16. Answering Paragraph 16 of the Complaint, Clearwater denies the statements and allegations contained therein, and demands strict proof thereof.

17. Answering Paragraph 17 of the Complaint, Clearwater denies the statements and allegations contained therein and demands strict proof thereof.

18. Answering Paragraph 18 of the Complaint, Clearwater denies the statements and allegations contained therein and demands strict proof thereof.

19. Answering Paragraph 19 of the Complaint, Clearwater denies the statements and allegations contained therein and demands strict proof thereof.

## COUNT ONE
### (Recharacterization of Alleged Debt and Payments to Clearwater)

20. Answering Paragraph 20 of the Complaint, Clearwater incorporates its Answers to Paragraphs 1-19 as if fully set forth herein.

21. Answering Paragraph 21 of the Complaint, Clearwater states that the allegations contained therein constitute legal conclusions to which no response on behalf of Clearwater is required. To the extent this Paragraph alleges wrongdoing or liability on the part of Clearwater, Clearwater denies such allegations and demands strict proof thereof.

22. Answering Paragraph 22 of the Complaint, Clearwater states that the allegations contained therein constitute legal conclusions to which no response is required. To the extent this Paragraph alleges wrongdoing or liability on the part of Clearwater, Clearwater denies such allegations and demands strict proof thereof.

23. Answering Paragraph 23 of the Complaint, Clearwater states that the allegations contained therein constitute legal conclusions to which no response is required. To the extent this

Paragraph alleges wrongdoing or liability on the part of Clearwater, = Clearwater denies such allegations and demands strict proof thereof.

24. Answering Paragraph 24 of the Complaint, Clearwater states that the allegations contained therein constitute legal conclusions to which no response is required. To the extent this Paragraph alleges wrongdoing or liability on the part of Clearwater, Clearwater denies such allegations and demands strict proof thereof.

## COUNT TWO
### (To Avoid Constructively Fraudulent Transfers Under 11 U.S.C. § 548)

25. Answering Paragraph 25 of the Complaint, Clearwater incorporates its Answers to Paragraphs 1-24 as if fully set forth herein.

26. Answering Paragraph 26 of the Complaint, Clearwater states that the allegations contained therein constitute legal conclusions to which no response is required. To the extent this Paragraph alleges wrongdoing or liability on the part of Clearwater, Clearwater denies such allegations and demands strict proof thereof.

27. Answering Paragraph 27 of the Complaint, Clearwater states that the allegations contained therein constitute legal conclusions to which no response is required. To the extent this Paragraph alleges wrongdoing or liability on the part of Clearwater, Clearwater denies such allegations and demands strict proof thereof.

28. Answering Paragraph 28 of the Complaint, Clearwater states that the allegations contained therein constitute legal conclusions to which no response is required. To the extent this Paragraph alleges wrongdoing or liability on the part of Clearwater, Clearwater denies such allegations and demands strict proof thereof. .

29. Answering Paragraph 29 of the Complaint, Clearwater denies the statements and allegations contained therein and demands strict proof thereof.

30. Answering Paragraph 30 of the Complaint, Clearwater denies the statements and allegations contained therein and demands strict proof thereof.

## COUNT THREE
### (To Avoid Constructively Fraudulent Transfers Under 11 U.S.C. § 544 and the West Virginia Uniform Fraudulent Transfers Act)

31. Answering Paragraph 31 of the Complaint, Clearwater incorporates its Answers to Paragraphs 1-30 as if fully set forth herein.

32. Answering Paragraph 32 of the Complaint, Clearwater states that the allegations contained therein constitute legal conclusions to which no response is required. To the extent this Paragraph alleges wrongdoing or liability on the part of Clearwater, Clearwater denies such allegations and demands strict proof thereof.

33. Answering Paragraph 33 of the Complaint, Clearwater states that the allegations contained therein constitute legal conclusions to which no response is required. To the extent this Paragraph alleges wrongdoing or liability on the part of Clearwater, Clearwater denies such allegations and demands strict proof thereof.

34. Answering Paragraph 34 of the Complaint, Clearwater states that the allegations contained therein constitute legal conclusions to which no response is required. To the extent this Paragraph alleges wrongdoing or liability on the part of Clearwater, Clearwater denies such allegations and demands strict proof thereof.

35. Answering Paragraph 35 of the Complaint, Clearwater states that the allegations contained therein constitute legal conclusions to which no response is required. To the extent this Paragraph alleges wrongdoing or liability on the part of Clearwater, Clearwater denies such allegations and demands strict proof thereof.

16522878.3

36. Answering Paragraph 36 of the Complaint, Clearwater denies the statements and allegations contained therein and demands strict proof thereof.

37. Answering Paragraph 37 of the Complaint, Clearwater denies the allegations contained therein and demands strict proof thereof.

### COUNT FOUR
### (To Avoid Constructively Fraudulent Transfers Under 11 U.S.C. § 544 and West Virginia Code § 40-1A-5(b))

38. Answering Paragraph 38 of the Complaint, Clearwater incorporates its Answers to Paragraphs 1-37 as if fully set forth herein.

39. Answering Paragraph 39 of the Complaint, Clearwater states that the allegations contained therein constitute legal conclusions to which no response is required. To the extent this Paragraph alleges wrongdoing or liability on the part of Clearwater, Clearwater denies such allegations and demands strict proof thereof.

40. Answering Paragraph 40 of the Complaint, Clearwater states that the allegations contained therein constitute legal conclusions to which no response is required. To the extent this Paragraph alleges wrongdoing or liability on the part of Clearwater, Clearwater denies such allegations and demands strict proof thereof.

41. Answering Paragraph 41 of the Complaint, Clearwater denies the statements and allegations contained therein and demands strict proof thereof.

42. Answering Paragraph 42 of the Complaint, Clearwater denies the allegations contained therein and demands strict proof thereof.

### COUNT FIVE
### (To Recover Avoided Transfers Under 11 U.S.C. § 550)

43. Answering Paragraph 43 of the Complaint, Clearwater incorporates its Answers to Paragraphs 1-42 as if fully set forth herein.

44. Answering Paragraph 44 of the Complaint, Clearwater states that the allegations contained therein constitute legal conclusions to which no response is required. To the extent this Paragraph alleges wrongdoing or liability on the part of Clearwater, Clearwater denies such allegations and demands strict proof thereof.

45. Answering Paragraph 45 of the Complaint, Clearwater states that the allegations contained therein constitute legal conclusions to which no response is required. To the extent this Paragraph alleges wrongdoing or liability on the part of Clearwater, Clearwater denies such allegations and demands strict proof thereof.

46. Answering Paragraph 46 of the Complaint, Clearwater states that the allegations contained therein constitute legal conclusions to which no response is required. To the extent this Paragraph alleges wrongdoing or liability on the part of Clearwater, Clearwater denies such allegations and demands strict proof thereof.

### COUNT SIX
### (For Declaratory Relief Regarding Preservation of Avoided Transfers and Disallowance of Claims by Clearwater)

47. Answering Paragraph 47 of the Complaint, Clearwater incorporates its Answers to Paragraphs 1-46 as if fully set forth herein.

48. Answering Paragraph 48 of the Complaint, Clearwater states that the allegations contained therein constitute legal conclusions to which no response is required. To the extent this Paragraph alleges wrongdoing or liability on the part of Clearwater, Clearwater denies such allegations and demands strict proof thereof. .

49. Answering Paragraph 49 of the Complaint, Clearwater states that the allegations contained therein constitute legal conclusions to which no response is required. To the extent this

Paragraph alleges wrongdoing or liability on the part of Clearwater, Clearwater denies such allegations and demands strict proof thereof.

50. Answering Paragraph 50 of the Complaint, Clearwater states that the allegations contained therein constitute legal conclusions to which no response is required. To the extent this Paragraph alleges wrongdoing or liability on the part of Clearwater, Clearwater denies such allegations and demands strict proof thereof.

51. Except as where specifically admitted or otherwise addressed herein, Clearwater denies each and every allegation contained in the Complaint.

52. Answering the WHEREFORE Paragraph and subparts (a)-(e), Clearwater denies the allegations contained therein, or that Debtors are entitled to any of the relief sought by the Debtors therein.

53. Clearwater denies that it is liable for the demand for judgment, damages, interest, costs, attorney fees, or for any other sum.

## **SECOND DEFENSE**

Blackjewel and Clearwater intended all advances from Clearwater to Blackjewel to be loans. Further, Blackjewel and Clearwater intended that all payments by Blackjewel to Clearwater to be loan repayments.

## **THIRD DEFENSE**

Clearwater was neither a member nor a shareholder of any of the Debtors and therefore, the repayments made by Blackjewel to Clearwater on account of the loans or advances of credit made by Clearwater to Blackjewel cannot be re-characterized as distributions to Clearwater.

**FOURTH DEFENSE**

The agreement between Clearwater and Blackjewel operated as a factoring agreement whereby Clearwater would advance funds to Blackjewel based on accounts receivable or invoices of Blackjewel and thereafter receive payment once those invoices were paid.

**FIFTH DEFENSE**

Clearwater is neither an insider nor an affiliate of the Debtors.

**SIXTH DEFENSE**

Blackjewel was not insolvent at the time of the loan repayments made to Clearwater.

**SEVENTH DEFENSE**

Blackjewel did not become insolvent as a result of any loan repayments made to Clearwater.

**EIGHTH DEFENSE**

Blackjewel received reasonably equivalent value for the loan repayments to Clearwater.

**NINTH DEFENSE**

The loans from Clearwater to Blackjewel and the loan repayments by Blackjewel to Clearwater were arm's length transactions.

**TENTH DEFENSE**

Clearwater acted in good faith in making the revolving loans to Blackjewel.

**ELEVENTH DEFENSE**

The loan repayments made by Blackjewel to Clearwater do not constitute avoidable fraudulent transfers within the meaning of 11 U.S.C. § 548.

**TWELFTH DEFENSE**

Clearwater gave Blackjewel new value after the loan repayments were made.

16522878.3

**THIRTEENTH DEFENSE**

The loans to Blackjewel and the loan repayments from Blackjewel were made in the ordinary course of business or financial affairs of Blackjewel and Clearwater.

**FOURTEENTH DEFENSE**

The loans from Clearwater to Blackjewel were made in a good-faith effort to provide working capital to Blackjewel.

**FIFTEENTH DEFENSE**

The loan repayments made by Blackjewel to Clearwater do not constitute avoidable fraudulent transfers within the meaning of 11 U.S.C. § 544 or the West Virginia Uniform Fraudulent Transfers Act.

**SIXTEENTH DEFENSE**

The loan repayments made by Blackjewel to Clearwater do not constitute avoidable transfers within the meaning of 11 U.S.C. § 544 or West Virginia Code § 40-1A-5(b).

**SEVENTEENTH DEFENSE**

The loan repayments made by Blackjewel to Clearwater do not constitute avoidable transfers within the meaning of 11 U.S.C. § 550.

**EIGHTEENTH DEFENSE**

The loan repayments made by Blackjewel to Clearwater do not constitute property of Blackjewel's estate within the meaning of 11 U.S.C. § 541 and 11 U.S.C. § 551.

**NINETEENTH DEFENSE**

The loan repayments made by Blackjewel to Clearwater were not made in contemplation of insolvency or with the design to prefer Clearwater over another creditor.

**TWENTIETH DEFENSE**

The loan repayments made by Blackjewel to Clearwater do not constitute avoidable transfers because the loan repayments were intended by Blackjewel and Clearwater to be a contemporaneous transfer or exchange for new value given to Blackjewel and were in fact a substantially contemporaneous transfer or exchange.

**TWENTY-FIRST DEFENSE**

The loan repayments made by Blackjewel to Clearwater do not constitute avoidable transfers because such repayments were made (1) in payment of a debt incurred by Blackjewel in the ordinary course of business or financial affairs of Blackjewel and Clearwater, and (2) in the ordinary course of business or financial affairs of Blackjewel and Clearwater, or (3) according to ordinary business terms.

**TWENTY-SECOND DEFENSE**

The Debtors causes of action may be barred in whole or in part by the applicable statute of limitations.

**TWENTY-THIRD DEFENSE**

The Debtors may not recover for the benefit of the estates any loan repayments made by Blackjewel to Clearwater or the value of the repayments under 11 U.S.C. § 550 to the extent that Clearwater was not an initial transferee, or to the extent Clearwater was an immediate or mediate transferee which took the alleged transfers for value, in good faith, and without knowledge of the voidability of the loan repayments.

**TWENTY-FOURTH DEFENSE**

Clearwater's claims should not be disallowed under 11 U.S.C. Section 502(d) as no property is recoverable from Clearwater under 11 U.S.C. Sections 543, 550 and/or 553, and the

Clearwater is not a transferee of a transfer under 11 U.S.C. Sections 522(f), 522(h), 544, 545, 547, 548, 549 and/or 724(a).

### TWENTY-FIFTH DEFENSE

The Debtors' claims fail because they frustrate the purpose of the agreement entered into by the parties.

### TWENTY-SIXTH DEFENSE

The Debtors' claims for relief should be denied on equitable grounds based on unjust enrichment and/or *quantum meruit*.

### TWENTY-SEVENTH DEFENSE

Any potential liability of Clearwater is subject to set-off or recoupment, whereby any amounts claimed to be due the Debtors must be set-off against amounts due and owing to Clearwater from the Debtors.

### TWENTY-EIGHTH DEFENSE

The Debtors claims are barred, in whole or in part, by virtue of the doctrine of laches.

### TWENTY-NINTH DEFENSE

The Debtors claims are barred, in whole or in part, by virtue of the doctrine of waiver.

### THIRTIETH DEFENSE

The Debtors claims are barred, in whole or in part, by virtue of the doctrines of equitable, judicial or collateral estoppel. Clearwater states that the Debtors have represented to this Court that revolving loans were made by Clearwater to the Debtors, that all loans were advanced and some repaid on a revolving basis, that all loans were made to enable the Debtors to pay ordinary course costs and expenses, that all such loans were intended to be business loans, and that all

payments on the loans were intended to be and were payments on the debt owed under the loans and reduced the balance of the loans.

### THIRTY-FIRST DEFENSE

The Debtors' claims fail as a matter of law because the loan repayments made by Blackjewel to Clearwater were earmarked for the benefit of other creditors.

### THIRTY-SECOND DEFENSE

The Debtors have no right to interest, costs or attorneys' fees as demanded in the Complaint.

### THIRTY-THIRD DEFENSE

Clearwater reserves the right to amend its Answer to include any other affirmative defenses that may become applicable as discovery and litigation proceeds.

**WHEREFORE**, Clearwater, having fully answered the allegations made against it in the Debtors' Complaint, states that the Debtors are not entitled to the relief requested in their Complaint and requests that the Debtors' Complaint be dismissed with prejudice, that Clearwater be awarded judgment in its favor, along with reasonable attorney fees, costs in defending these claims, and such other and further relief as this Court may deem just and proper.

July 10, 2020                              Respectfully submitted,

                                                    /s/ *J.H. Mahaney*
                                                    J.H. Mahaney, Esquire (WVSB #6993)
                                                    Janet Smith Holbrook, Esquire (WVSB #5853)
                                                    DINSMORE & SHOHL LLP
                                                    611 Third Avenue
                                                    Huntington, West Virginia 25701
                                                    Telephone (304) 529-6181
                                                    Facsimile (304) 522-4312
                                                    john.mahaney@dinsmore.com
                                                    janet.holbrook@dinsmore.com

                                                    *Counsel for the Defendant*

16522878.3

# UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

In re:

BLACKJEWEL, L.L.C., et al.

    Debtors,

Chapter 11
Case No. 19-30289
(Jointly Administered)

---

BLACKJEWEL, L.L.C., BLACKJEWEL HOLDINGS L.L.C., REVELATION ENERGY HOLDINGS, LLC, REVELATION MANAGEMENT CORPORATION, REVELATION ENERGY, LLC, DOMINION COAL CORPORATION, HAROLD KEENE COAL CO. LLC, VANSANT COAL CORPORATION, LONE MOUNTAIN PROCESSING, LLC, POWELL MOUNTAIN ENERGY, LLC, and CUMBERLAND RIVER COAL LLC,

    Plaintiffs,

v.

CLEARWATER INVESTMENT HOLDINGS, LLC

    Defendant.

Adv. Proceeding No. 3:20-ap-03008

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that the foregoing Answer was filed and served via the Court's CM/ECF system on July 10, 2020.

    /s/ *J.H. Mahaney*
    J.H. Mahaney, Esquire (WVSB #6993)
    DINSMORE & SHOHL LLP
    611 Third Avenue
    Huntington, West Virginia 25701
    john.mahaney@dinsmore.com