**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| Blackjewel, L.L.C., *et al.* | ) | Case No. 19-30289 |
| | ) | |
| Debtors[1], | ) | (Jointly Administered) |
| | ) | |
| BLACKJEWEL, L.L.C., BLACKJEWEL | ) | |
| HOLDINGS L.L.C., REVELATION | ) | |
| ENERGY HOLDINGS, LLC, | ) | |
| REVELATION MANAGEMENT | ) | |
| CORPORATION, REVELATION | ) | |
| ENERGY, LLC, DOMINION COAL | ) | |
| CORPORATION, HAROLD KEENE | ) | |
| COAL CO. LLC, VANSANT COAL | ) | |
| CORPORATION, LONE MOUNTAIN | ) | |
| PROCESSING, LLC, POWELL | ) | |
| MOUNTAIN ENERGY, LLC, and | ) | Adv. Proceeding No. 3:20-ap-03008 |
| CUMBERLAND RIVER COAL LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Clearwater Investment Holdings, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MOTION FOR LEAVE TO FILE AMENDED
ADVERSARY COMPLAINT, *INSTANTER***

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiffs seek leave to

amend their existing adversary complaint against Clearwater Investment Holdings, LLC

("Clearwater") in the form attached as Exhibit A to this Motion for Leave to Amend Adversary

---

[1] The Debtors in these Chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Blackjewel, L.L.C. (0823); Blackjewel Holdings L.L.C. (4745); Revelation Energy Holdings, LLC (8795); Revelation Management Corporation (8908); Revelation Energy, LLC (4605); Dominion Coal Corporation (2957); Harold Keene Coal Co. LLC (6749); Vansant Coal Corporation (2785); Lone Mountain Processing, LLC (0457); Powell Mountain Energy, LLC (1024); and Cumberland River Coal LLC (2213). The headquarters for each of the Debtors is located at P.O. Box 1010, Scott Depot, West Virginia 25560.

Complaint, *Instanter* ("Motion").   The proposed amended complaint ("Amended Complaint") adds claims against Jeffery A. Hoops, Sr. ("Hoops") as a defendant concerning certain related transactions and occurrences.  The Plaintiffs' ongoing investigation has revealed additional claims related to purported loan transactions between Hoops and Plaintiffs.  Bringing these claims in the Amended Complaint rather than a separately filed action will promote efficiency and judicial economy.  For these and the other reasons set forth more fully in the attached Memorandum in Support, Plaintiffs respectfully request that their Motion be granted.  Plaintiffs have asked counsel for Clearwater to consent to the filing of the Amended Complaint.  As of the date of this Motion, Clearwater has not definitively responded to that request.  A proposed order granting the Motion and authorizing filing of the Amended Complaint is attached hereto as Exhibit B.

Dated: December 14, 2020                 Respectfully submitted,


**SUPPLE LAW OFFICE, PLLC**

Joe M. Supple No. 8013
801 Viand St.
Point Pleasant, WV 25550
304-675-6249
joe.supple@supplelaw.net

– and –

**SQUIRE PATTON BOGGS (US) LLP**

*/s/ Scott A. Kane*
Stephen D. Lerner (admitted *pro hac vice*)
Scott A. Kane (admitted *pro hac vice*)
F. Maximilian Czernin (admitted *pro hac vice*)
Travis A. McRoberts (admitted *pro hac vice*)
201 E. Fourth Street, Suite 1900
Cincinnati, Ohio 45202
Telephone: 513.361.1200
Facsimile: 513.361.1201
stephen.lerner@squirepb.com
scott.kane@squirepb.com

max.czernin@squirepb.com
travis.mcroberts@squirepb.com

*Co-Counsel for the Debtors and*
*Debtors-in-Possession*

## <u>CERTIFICATE OF SERVICE</u>

I, Scott A. Kane, hereby certify that on this 14th day of December, 2020, the foregoing
**MOTION FOR LEAVE TO FILE AMENDED ADVERSARY COMPLAINT,
INSTANTER AND MEMORANDUM IN SUPPORT** was filed and served via the Court's
CM/ECF system.

*/s/ Scott A. Kane*
Scott A. Kane (admitted *pro hac vice*)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| Blackjewel, L.L.C., *et al.* | ) | Case No. 19-30289 |
| | ) | |
| Debtors[2], | ) | (Jointly Administered) |
| | ) | |
| BLACKJEWEL, L.L.C., BLACKJEWEL | ) | |
| HOLDINGS L.L.C., REVELATION | ) | |
| ENERGY HOLDINGS, LLC, | ) | |
| REVELATION MANAGEMENT | ) | |
| CORPORATION, REVELATION | ) | |
| ENERGY, LLC, DOMINION COAL | ) | |
| CORPORATION, HAROLD KEENE | ) | |
| COAL CO. LLC, VANSANT COAL | ) | |
| CORPORATION, LONE MOUNTAIN | ) | |
| PROCESSING, LLC, POWELL | ) | |
| MOUNTAIN ENERGY, LLC, and | ) | Adv. Proceeding No. 3:20-ap-03008 |
| CUMBERLAND RIVER COAL LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Clearwater Investment Holdings, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AMEND
ADVERSARY COMPLAINT, *INSTANTER*</u>**

---

[2] The Debtors in these Chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Blackjewel, L.L.C. (0823); Blackjewel Holdings L.L.C. (4745); Revelation Energy Holdings, LLC (8795); Revelation Management Corporation (8908); Revelation Energy, LLC (4605); Dominion Coal Corporation (2957); Harold Keene Coal Co. LLC (6749); Vansant Coal Corporation (2785); Lone Mountain Processing, LLC (0457); Powell Mountain Energy, LLC (1024); and Cumberland River Coal LLC (2213). The headquarters for each of the Debtors is located at P.O. Box 1010, Scott Depot, West Virginia 25560.

## I.     Introduction.

Plaintiffs' seek to amend their existing complaint to include claims and factual allegations against Hoops, including regarding "line of credit" activity by Hoops in 2019 that is substantively equivalent to the existing claims against Clearwater.  The Amended Complaint asserts additional claims against Hoops for purported loan-related payments to Hoops discovered during Plaintiffs' investigation of the extensive financial dealings between Hoops and related parties.  Plaintiffs submit that bringing the claims in the existing action rather than a new, separately filed action, will promote efficiency and judicial economy.

Plaintiffs' investigation was slowed by the poor quality of Debtors' financial records, Plaintiffs' difficulty in obtaining appropriate Bankruptcy Rule 2004 discovery from various parties, the ongoing COVID-19 pandemic, and the demands of many other time sensitive issues in Debtors' bankruptcy cases.  As the Plaintiffs' ongoing investigation into the financial transactions engaged in by Hoops and Clearwater with Plaintiffs has developed, the basis for the additional claims against Clearwater and Hoops became apparent.  Bringing those related claims in the Amended Complaint rather than in a separate case will promote judicial economy and avoid unnecessarily duplicative actions.  Accordingly, Plaintiffs' seek leave of Court to file the proposed Amended Complaint.

Plaintiffs acknowledge this will likely require an amendment to the existing scheduling order.  Plaintiffs already believed that an amendment to the scheduling order is warranted and have previously approached counsel for Clearwater to suggest a case management conference with the Court.  That request remains pending as of the date of this Motion.

## II.     Law & Argument.

Plaintiffs' Motion is appropriate under Rule 15 of the Federal Rules of Civil Procedure. Rule 15 establishes a permissive approach to requests to amend pleadings and provides that "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Fourth Circuit has repeatedly recognized that leave to amend should only be denied if "the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile."  *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *Moore v. Equitrans, Ltd. Partnership.*, 818 Fed. App'x 212, 217-18 (4th Cir. 2020). None of those considerations is present in this case.

Based on the procedural posture of this adversary proceeding and applying the above standard, leave to amend should be granted.  Plaintiffs' Motion is timely and made in good faith. Written discovery is in its early stages and no depositions have yet been scheduled.  Moreover, independent of the proposed amendment, Plaintiffs intend to request (by joint request with Clearwater or by motion, if needed) a case management conference to discuss potential adjustments to the existing schedule based on the ongoing COVID-19 pandemic and the demands of other issues in the Debtors' bankruptcy cases and related actions.  Based on the current procedural posture of the case and the anticipated need to adjust the existing schedule, the proposed amendment will not unduly delay the case.

The Plaintiffs seek to file the Amended Complaint to promote judicial economy and the efficient resolution of claims by the Debtors' estates.  *See* Fed. R. Civ. P. 1.  There is no basis to suggest that the Plaintiffs are acting in bad faith.  The Amended Complaint will not prejudice Clearwater, particularly where the alternative would be for Plaintiffs to file a separate case and the risk of an unnecessarily duplicative action would be more prejudicial than amendment of the

existing complaint.  The Amended Complaint asserts meritorious claims and would not be futile.

Accordingly, Plaintiffs respectfully request that the Court grant leave to amend and enter an order

permitting the filing of the Amended Complaint.

Dated: December 14, 2020                    Respectfully submitted,

                                            **SUPPLE LAW OFFICE, PLLC**

                                            Joe M. Supple No. 8013
                                            801 Viand St.
                                            Point Pleasant, WV 25550
                                            304-675-6249
                                            joe.supple@supplelaw.net

                                            – and –

                                            **SQUIRE PATTON BOGGS (US) LLP**

                                            */s/ Scott A. Kane*
                                            Stephen D. Lerner (admitted *pro hac vice*)
                                            Scott A. Kane (admitted *pro hac vice*)
                                            F. Maximilian Czernin (admitted *pro hac vice*)
                                            Travis A. McRoberts (admitted *pro hac vice*)
                                            201 E. Fourth Street, Suite 1900
                                            Cincinnati, Ohio 45202
                                            Telephone: 513.361.1200
                                            Facsimile: 513.361.1201
                                            stephen.lerner@squirepb.com
                                            scott.kane@squirepb.com
                                            max.czernin@squirepb.com
                                            travis.mcroberts@squirepb.com

                                            *Co-Counsel for the Debtors and*
                                            *Debtors-in-Possession*