**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Blackjewel, L.L.C., *et al.,* | ) | Case No. 19-30289 |
| Debtors,[1] | ) | (Jointly Administered) |
| | ) | |
| BLACKJEWEL, L.L.C., BLACKJEWEL | ) | |
| HOLDINGS L.L.C., REVELATION ENERGY | ) | |
| HOLDINGS, LLC, REVELATION | ) | Adv. Proc. No. 3:20-ap-03008 |
| MANAGEMENT CORPORATION, | ) | |
| REVELATION ENERGY, LLC, DOMINION | ) | |
| COAL CORPORATION, HAROLD KEENE | ) | |
| COAL CO. LLC, VANSANT COAL | ) | |
| CORPORATION, LONE MOUNTAIN | ) | |
| PROCESSING, LLC, POWELL MOUNTAIN | ) | |
| ENERGY, LLC, AND CUMBERLAND RIVER | ) | |
| COAL LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Clearwater Investment Holdings, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND REQUEST
FOR DISCOVERY AND SCHEDULING CONFERENCE**

The Blackjewel Liquidation Trust (the "Trust"), as successor to the Debtors as Plaintiffs

in this action, by and through counsel, pursuant to Rule 37 of the Federal Rules of Civil

Procedure and this Court's inherent authority, hereby moves for an order compelling Defendants

Clearwater Investment Holdings, LLC and Jeffrey Hoops, Sr. (hereinafter "Defendants") to

respond appropriately and fully to discovery requests by:  1) requiring Defendants to serve

---

[1] Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number were as follows: Blackjewel, L.L.C. (0823); Blackjewel Holdings L.L.C. (4745); Revelation Energy Holdings, LLC (8795); Revelation Management Corporation (8908); Revelation Energy, LLC (4605); Dominion Coal Corporation (2957); Harold Keene Coal Co. LLC (6749); Vansant Coal Corporation (2785); Lone Mountain Processing, LLC (0457); Powell Mountain Energy, LLC (1024); and Cumberland River Coal LLC (2213).

written discovery requests that comply with the basic requirements of Rule 34 by a date certain;

2) requiring Defendants to complete their production of documents and electronically stored

information ("ESI") in response to Rule 34 requests by a date certain; and 3) setting a discovery

and scheduling conference to specify the foregoing requested dates and to establish a new

discovery cutoff and related pretrial deadlines.  The Trust has expended significant time and

effort to obtain these results without the need for intervention by the Court, including by engaging

in numerous meet and confer sessions with counsel for the Defendants, as well as many

additional written communications.  Counsel's signature on this Motion is its certification

pursuant to Rule 37(a)(1) that the Trust conferred in good faith to obtain discovery without the

need for court action.

Despite the Trust's efforts at extrajudicial resolution, as of the date of the filing of this

Motion, among other things:

- Defendants in this action, together with defendants in other adversary proceedings pending against Hoops-related defendants,[2] have produced a grand total of 30 documents in response to Rule 34 requests for production served upon them;

- Defendants instead have referred in a generalized way to their prior Bankruptcy Rule 2004 production (without identifying any specific information from that production), despite the fact that the Trust's Rule 34 requests made numerous additional and different requests and despite the Trust's identification of deficiencies in the Defendants' process for responding to the Rule 2004 requests;

- Defendants have not conducted any process to search for, collect, or review ESI in response to the Rule 34 requests and, at least as of November 18, 2021, have not yet even tested their own *proposed* search terms; and

- Defendants' written responses to discovery contain numerous improper objections and other deficiencies, which the "Amended Responses and Objections" served by Defendant Clearwater Investment Holdings, LLC ("Clearwater") on Thursday, November 18, 2021 failed to address substantively.

---

[2] The Trust intends to file a motion substantially similar to this one in the other two Hoops-related adversary proceedings (captioned *Blackjewel, L.L.C., et al. v. Lexington Coal Co. et al.*, Case No. 3:20-ap-03012 and *Blackjewel, L.L.C., et al. v. Triple H Real Estate, LLC*, Case Nol. 3:20-ap-03015) because the same issues with defendants' discovery responses and process also exist in those cases.

For these and the other reasons discussed in greater detail below, the Trust seeks an order from the Court compelling Defendants to respond appropriately and fully to discovery as requested above, and setting an expedited hearing to address discovery and related scheduling issues, as it is clear that the existing pretrial schedule with a discovery cutoff of December 13, 2021 is no longer feasible.  This Motion is supported by the Declaration of Scott A. Kane ("Kane Decl.") and the exhibits thereto.

**BACKGROUND**

Plaintiffs served interrogatories and requests for production on Defendants in this action, as well as on defendants in other adversary proceedings against Hoops and entities associated with him or members of his family.  The responses to those requests by Defendants and the defendants in the other adversary proceedings has been deficient, both in terms of written objections and responses and the actual production (or lack thereof) of documents and ESI in response to the Rule 34 requests.

The Trust has been seeking to resolve these issues with the Defendants for months.  The Trust's efforts at extrajudicial resolution have included numerous discovery meet and confer sessions with counsel for Defendants, including but not limited to, on August 23, 2021, September 13, 2021, October 22, 2021, November 10, 2021, and November 16, 2021, as well as many other less formal written and telephonic communications regarding discovery issues. (Kane Decl. ¶ 3).  This culminated in a formal deficiency letter from the Trust to Defendants on November 5, 2021.  (*Id.* ¶ 5 & Exh. A-1 - Nov. 5, 2021 deficiency letter).  Even before the November 5 deficiency letter, the Trust had been seeking to resolve discovery issues for many weeks.

Regarding the subject of Defendants' improper written objections and responses to interrogatories and requests for production, the Trust has been seeking to obtain proper responses for months. In a discovery meet and confer session on August 23, 2021, the Trust described problems with Defendants' written objections and responses to interrogatories and requests for production. However, the Trust agreed to forbear from sending a formal deficiency letter then based on Defendants' statement that those objections and responses were prepared by prior counsel and the commitment that they would be amended or supplemented. The Trust confirmed this on August 27, 2021, stating "We raised some issues with your written discovery responses, including as to the asserted objections, and I understand you were going to share revised written responses with us before we sent a deficiency letter or commenced a more formal meet-and-confer process – please confirm that is your understanding and intention[.]" (Kane Decl. ¶ 6 & Exh. A-2 - August 27, 2021 message in email string). While Defendants never sent a confirmatory response, neither did they disclaim their intention to serve amended objections and responses. The Trust followed up on this issue on September 29, 2021, asking for the status of Defendants' "[s]upplementation of their written discovery responses to address the issues we have raised." (*Id.* ¶ 6 & Exh. A-2 - September 29, 2021 message in email string). The Trust raised this issue again in the October 22, 2021 meet and confer session and yet again in the November 5, 2021 deficiency letter.

Defendants committed to providing revised written responses before another discovery meet and confer session on November 16, 2021. None were received by the Trust by that date. During the November 16 conference, Defendants stated that they would provide amended responses of Defendant Clearwater by November 17, 2021 as an "example" of how Defendants intended to supplement responses and objections in the other cases. Clearwater's "Amended

Responses and Objections" were actually served on November 18, 2021.  (*Id.* ¶ 8 & Exh. A-4 –

Clearwater amended responses & objections).  As detailed below, the amended responses and

objections provided by Clearwater remain deficient.  With respect to responses to Rule 34

requests for production, the amended responses and objections do not indicate whether materials

have been withheld on the basis of various boilerplate objections and do not state whether the

Defendants will produce any responsive materials in response to the request.  (*Id.*).

As of the date of the filing of this Motion, the grand total of the production by Defendants

in this action (and by defendants in all actions against Hoops-related defendants) is 30 total

documents.  (Kane Decl. ¶ 4).  Defendants refer generally to a prior Rule 2004 production as

somehow satisfying their discovery obligations.  But, as became apparent in discovery meet and

confer sessions, Defendants did not actually compare the Rule 34 requests to the Rule 2004

discovery to determine what more was required to respond.  (*See id.* Exh. A-1 - November 5

deficiency letter at p. 2-4).  Had Defendants made even a cursory attempt to do so, they would

have learned quickly that:  1) the Rule 2004 responses did not encompass all of the subject matter

of the Rule 34 requests; and 2) the Rule 2004 process as described to the Trust was insufficient to

identify or collect all of the material responsive to the Rule 34 requests.  (*Id.*).

Defendants still have not finalized search terms, or the custodians and sources of ESI to

which they will be applied.  (*Id.* ¶ 6 & Exh. A-2 - Nov. 18, 2021 message in email string; ¶ 10 &

Exh. A-5 – Nov. 22, 2021 message in email string).  In light of the discovery cutoff in

approximately 3 weeks, a portion of which spans the Thanksgiving holiday, the Trust is seeking

relief from the Court regarding discovery and scheduling issues as set forth in this Motion.

## ARGUMENT

### I.   Defendants' Objections and Responses to Requests for Production are Improper.

Under Rule 34 of the Federal Rules of Civil Procedure, with respect to a response to a request for production:  1) "the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons"; and 2) "an objection must state whether any responsive materials are being withheld on the basis of that objection."  Fed. R. Civ. P. 34(b)(2)(B)-(C).  Defendants' responses fail to satisfy these basic requirements.  Instead, many of Clearwater's amended and supplemented responses and objections contain responses along the following form:

> Response: Defendant objects as this Request is overly broad and unduly burdensome. Defendant further objects as this Request is duplicative and burdensome to the extent that it requests information that is more accessible to Plaintiffs from Plaintiffs' own records and files, including, but not limited to, financial records of Plaintiffs, Defendant's prior responses to Plaintiffs' Bankruptcy Rule 2004 Examination of Defendant and correspondence and other communications between Plaintiffs and Defendant. For instance, the Rule 2004 Production included documents from Clearwater custodians that: (i) contained the term "Blackjewel" or the name of other debtors or (ii) contained references to "clearwater trust" and "transfer*". None of these documents were withheld on the basis of any objection. Defendant is willing to confer in good faith on additional search terms that are contended to be necessary. In addition, Defendant will produce any financial records in its possession, custody, or control related to the revolving line of credit at issue that were not previously produced. Finally, Defendant directs Plaintiffs to the documents produced by United Bank in response to the subpoena issued to United Bank, which have been produced to Plaintiffs. Among the information sought from United Bank in that subpoena was information responsive to this request.

> ****

> Response: Defendant objects as this Request overly broad and unduly burdensome. Defendant also objects as this Request is duplicative and burdensome to the extent that it requests information that is more accessible to Plaintiffs from Plaintiffs' own records and files, including, but not limited to, financial records of Plaintiffs, Defendant's prior

responses to Plaintiffs' Bankruptcy Rule 2004 Examination of Defendant
and correspondence and other communications between Plaintiffs and
Defendant. For instance, the Rule 2004 Production included documents
from Clearwater custodians, Hoops, and other parties that: (i) contained
the term "Blackjewel" or the name of other debtors or (ii) contained
references to "clearwater trust" and "transfer*". None of these documents
were withheld on the basis of any objection. Defendant is willing to confer
in good faith on additional search terms that are contended to be
necessary. In addition, Defendant will produce any financial records in its
possession, custody, or control related to the revolving line of credit at
issue that were not previously produced . . . Defendant also refers
Plaintiffs to any deposition taken or to be taken regarding this topic and
the exhibits to those depositions.

(Kane Decl. Exh. A-4 - Clearwater amended responses & objections at Request Nos. 1 & 5).

These types of objections are improper.  Contrary to the clear requirements of Rule 34(b)(2)(C),

they do not state whether any documents or ESI are being withheld on the basis of Defendants'

opaque objections as to burden, overbreadth, duplication, and other grounds.  The responses state

that certain materials previously produced in Rule 2004 discovery were not withheld (which is

obvious if they were produced) but do not indicate what, if any, documents or ESI are being

withheld on the basis of the various objections interposed in the Rule 34 response.  The Trust

specifically identified this issue in its November 5, 2021 deficiency letter (Kane Decl. Exh. A-1 -

November 5 deficiency letter at p. 5, "Please serve[] amended Rule 34 responses that comply

with the requirement under Rule 34 to state whether documents or ESI are being withheld on the

basis of objections.").

Contrary to Rule 34(b)(2)(C), Defendants' responses also do not indicate if the requested

documents and ESI will actually be produced.  Vague references to a willingness to "confer"

regarding search terms do not indicate whether the responding party will, or will not, produce the

requested material.  In any event, search terms relate to the process of collecting and reviewing

ESI in response to requests for production.  They do not govern whether the responding party

agrees to produce documents and ESI at all.  Based on Clearwater's response and objections, the

Trust has no basis to determine whether Clearwater will or will not produce the requested

documents and ESI based on a vague commitment to "confer" regarding search terms.

Apart from these deficiencies under the plain language of Rule 34, Defendants' responses

contain numerous improper grounds to withhold production.  These include objections that

Defendants will not produce documents and ESI that are purportedly "more accessible to

Plaintiffs from Plaintiffs' own records and files" (*e.g., id.* Exh. A-4 - Clearwater amended

responses & objections Nos. 1-6, 11-17, 20, 22-23, & 25-26), vague references to production by

United Bank, and statements that Defendants "refer" the Trust to exhibits in depositions that have

not yet been taken. *(Id.* Exh. A-4 at, *e.g.*, Request No. 5).  None of these is a proper ground to

refuse production.  Even if Defendants believe that certain information is in the files of the

Debtors (they cannot know that for sure and do not make any specific objection on this basis),

that does not prohibit the Trust from discovering documents and ESI in the possession, custody

and control of Defendants themselves.  Indeed, that discovery is particularly relevant in cases

involving self-dealing, like those at issue here.  Likewise, obscure references to productions by

United Bank or possible exhibits at future depositions do not relieve Defendants of their

obligation under Rules 34 and 26 to search for and produce responsive documents and ESI.

**II.      Defendants' Have Failed to Search for and Produce Responsive Documents and ESI.**

Modern discovery requires counsel to conduct a diligent and good faith process to identify

and produce ESI, including through investigation of sources and custodians.  *See* Fed. R. Civ. P.

26(g); Rule Fed. R. Civ. P. 26 Committee Notes (2006).  Defendants have failed to meet – or

even try to meet – those obligations in this case. With just more than 3 weeks to go before the

discovery cutoff, Defendants:

- have not finalized search terms or even yet run proposed terms to determine hit counts;

- have not yet finalized custodians and sources of ESI to which search terms would be applied;

- have not analyzed the subject matter of the Rule 34 requests served on them months earlier to determine what Defendants need to do to respond fully and appropriately; and

- have produced a grand total of 30 documents in all of the adversary proceedings in which Hoops-related parties are defendants.

(*See* Kane Decl. Exh. A-2 & A-5). Instead of attempting to meet their discovery obligations, Defendants have insisted that because prior counsel responded to Rule 2004 requests – which occurred many months earlier before the filing of adversary complaints with specific claims and allegations – that somehow relieves Defendants from responding to subsequent Rule 34 discovery. There is no legal or logical basis for that contention.

Moreover, as detailed in the Trust's November 5 deficiency letter, even cursory diligence on the part of Defendants would have led them to conclude that the Rule 34 requests included different and additional subject matter in the requests for production. (*Id.* at Exh. A-1 - November 5 deficiency letter, pp. 2-4). Defendants' position is that it is somehow incumbent on the Trust to tell them what additional steps are demanded beyond the prior Rule 2004 production. It is not the Trust's obligation to endeavor to manage Defendants' discovery obligations for them. *See, e.g.,* Fed. R. Civ. P. 26(g); *Johnson v. Ford Motor Co.,* No. 3:13-CV-06529, 2015 U.S. Dist. LEXIS 90108, at *93 (S.D. W. Va. July 8, 2015) (observing that "the party responsible for the search and production has the duty to demonstrate its reasonableness."), *objections sustained in part and overruled in part*, Civil Action No. 3:13-6529, 2015 U.S. Dist. LEXIS 152724 (S.D. W. Va. Nov. 5, 2015). The Trust did provide some comments to proposed search terms but noted

appropriately that it is Defendants' primary obligation to develop search terms that would satisfy
their discovery obligations.

It recently became apparent to the Trust that Defendants did not conduct reasonable
diligence previously in response to Rule 34 requests and that it will be impossible for them to
complete proper discovery responses and production before the existing discovery cutoff.  Again,
Defendants have not even finalized search terms or custodians.  Accordingly, this Motion is
appropriate and necessary before the current discovery cutoff expires.  In fairness, as this Motion
was being prepared for filing today, Defendants emailed with a response and a stated willingness
to continue discussions.  (*See* Kane Decl. Exh. A-5 - Nov. 22, 2021 email exchange).  While the
Trust is willing to continue discussions to narrow issues in dispute, Defendants' stated
willingness to meet and confer regarding *preliminary* steps for their Rule 34 response is not
reasonable or adequate under the current circumstances.  For this reason, the Trust requests that
the Court enter an order:  1) compelling Defendants to serve written discovery requests that
comply with the basic requirements of Rule 34 by a date certain; 2) compelling Defendants to
complete their production of documents and ESI in response to Rule 34 requests by a date certain;
and 3) setting a discovery and scheduling conference to specify the foregoing dates and to
establish a new discovery cutoff and related pretrial deadlines.

**CONCLUSION**

Defendants have failed to comply with their discovery obligations and the foregoing relief
requested by the Trust is reasonable and appropriate pursuant to Rules 26, 34, 37, and applicable
law.

Respectfully submitted,


DATED: November 22, 2021                    **SUPPLE LAW OFFICE, PLLC**

                                            Joe M. Supple, Bar. No. 8013
                                            801 Viand St.
                                            Point Pleasant, WV 25550
                                            Telephone: 304.675.6249
                                            Facsimile: 304.675.4372
                                            joe.supple@supplelaw.net


                                              – and –


                                            **SQUIRE PATTON BOGGS (US) LLP**

                                            */s/ Scott A. Kane*
                                            Stephen D. Lerner (admitted pro hac vice)
                                            Scott A. Kane (admitted pro hac vice)
                                            John A. Tancabel (admitted pro hac vice)
                                            Jennifer L. Dollard-Smith (admitted pro hac vice)
                                            201 E. Fourth Street, Suite 1900
                                            Cincinnati, Ohio 45202
                                            Telephone: 513.361.1200
                                            Facsimile: 513.361.1201
                                            stephen.lerner@squirepb.com
                                            scott.kane@squirepb.com
                                            john.tancabel@squirepb.com
                                            jennifer.dollard-smith@squirepb.com

                                            *Co-Counsel to the Plaintiff*


## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the foregoing **"Plaintiffs' Motion to Compel Discovery and Request for Discovery and Scheduling Conference"** was filed and served upon counsel for the Defendants via electronic mail this 22nd day of November, 2021.



                                            */s/ Scott A. Kane*


- 11 -